IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL DEKOSCHAK )<br>)<br>Plaintiff, )<br>) C.A.<br>v. ) 04 - 30249 - KPN<br>)<br>NEW CENTURY MORTGAGE CORPORATION )<br>AND COUNTRYWIDE HOME LOANS )<br>Defendants. )<br>_____ ) | **FILING FEE PAID:**<br>RECEIPT # 305802<br>AMOUNT $ 150.00<br>BY DPTY CLK MGM<br>DATE 12/21/04 |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against New Century Mortgage Corporation for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32. The Defendant Countrywide Home Loans is named as a party since upon information and belief they are the present holder and owner of said mortgage.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiff is resident of Massachusetts and seeks rescission of a $170,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Michael Dekoschak resides at 2071 Hawley Rd., Ashfield, MA 01330.

5. Defendant New Century Mortgage Corporation is a National corporation with its principle place of business at 18400 Von Karman Ave., Suite 1000, Irvine, CA 92612.

6. New Century Mortgage Corporation enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century Mortgage Corporation is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century Mortgage Corporation is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Upon information and belief, Countrywide Home Loans is the present holder of said mortgage and responsible for all claims made against the Defendant, New Century Mortgage Corporation.

## FACTS

10. On or about December 29, 2003, Plaintiff's spouse obtained a loan from New Century Mortgage Corporation, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, the Plaintiff received a copy of a right to cancel form. A copy of which is attached hereto as Exhibit A.

12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer**

> entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>>
>> **(2) The consumer's right to rescind the transaction.**
>>
>> **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>>
>> **(4) The effects of rescission, as described in paragraph (d) of this section.**
>>
>> **(5) The date the rescission period expires. . . .**
>
> **(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**
>
>> **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>>
>> **(2) A credit plan in which a state agency is a creditor.**

13. The copy of the right to cancel referenced herein as <u>Exhibit A</u> is defective in that it fails to accurately state the date of the transaction and corresponding right to rescind. Said document is contradictory and confusing as it mentions an expiration date to cancel of 12/27/03 which is prior to the consummation of the loan transaction.

14. On or about November 22, 2004 and November 18, 2004, the Plaintiff exercised his extended right to rescind the loan for violations of TILA and Massachusetts counterparts. A notice of rescission was sent via certified mail to Countrywide Home Loans, Customer Service, SVB-314, P.O. Box 5170, Simi Valley, CA 93062-5170 and was sent via certified mail to Charles E. Houston Jr., Assistant Vice President and Senior Counsel/New Century Mortgage,

18400 Von Karman Avenue, Ste 1000, Irvine, CA 92612. A Copy of the notice is attached as Exhibit B.

15. New Century Mortgage Corporation and Countrywide Home Loans have failed to honor the request to rescind the loan.

## COUNT I

### TRUTH IN LENDING ACT VIOLATIONS

16. Plaintiff incorporates ¶¶ 1-15 as if fully set out herein.

17. By failing to provide an accurate Notice of Right to Cancel form at the closing, New Century Mortgage Corporation failed to give Plaintiff clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, the Plaintiff is entitled to rescind the mortgage.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

19. The failure of the Defendants to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) and Mass .G.L. ch. 140D § 32 entitling the Plaintiff to an award of statutory damages.

20. Defendant as assignee of the mortgage is subject to recission by the Plaintiffs pursuant to 15 U.S.C. § 1641(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants New Century Mortgage Corporation and Countrywide Home Loans as follows:

1. A declaration that Plaintiff is entitled to rescind his mortgage;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Christopher M. Lefebvre*
Christopher M. Lefebvre

Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Christopher M. Lefebvre*
Christopher M. Lefebvre

S:\WPFILES\TILA CASES\Dekoschak v. NCM\Compaint.wpd

# EXHIBIT A

## NOTICE OF RIGHT TO CANCEL

BORROWERS: JENNIFER L DEKOSCHAK

DATE: 12/23/03
LOAN NUMBER: 0001282190

PROPERTY ADDRESS: 2071 HAWLEY ROAD , ASHFIELD, MASSACHUSETTS 01330

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is __12/23/03_____; or
   A. (insert TRANSACTION DATE)

2. the date you received your Truth in Lending disclosures; or

3. the date you received this notice of your right to cancel.

If you cancel the transaction, the security interest is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

I acknowledge receiving two copies of this Notice of Right to Cancel form.

_____   _____   _____
JENNIFER L DEKOSCHAK              B. Signature Date                 Signature Date

_____                                    _____
Signature Date                                                     Signature Date

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

  NEW CENTURY MORTGAGE CORPORATION
  200 UNICORN PARK, 3RD FLOOR
  WOBURN, MA 01801

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of __12/27/03_____
                                                                                     C. (insert 3 DAY DATE)
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL _____   _____
                 (Borrower's signature if exercising right to cancel)   D. (CANCEL DATE )

### PLEASE READ BEFORE COMPLETING THIS FORM

To proceed with this transaction, enter the following: (A) TRANSACTION DATE which is the date the borrower signs loan documents (consummates this transaction); (B) Borrower's signature and SIGNATURE DATE which is the date borrower signs the document; (C) 3 DAY DATE which is the third business day following the TRANSACTION DATE. If SIGNATURE DATE of last signer is later than the TRANSACTION DATE, contact lender to confirm correct 3 DAY DATE. Do not make any amendments, erasures, strikeouts, whiteouts or alterations to the document without prior written authorization from the Lender. Should an error occur in the completion of this form, contact Lender immediately. Each borrower must be provided 2 completed, signed copies of this form.

To cancel this transaction, the borrower signs and enters the Cancellation Date (D) in the space following the words "I WISH TO CANCEL". Borrower may also cancel this transaction by mailing or delivering this or any written form of cancellation notice to Lender within 3 business days after signing loan documents.

NCM
Multistate RE109 (062397)

rescinda.ltd
rhu 120202

# EXHIBIT B

FROM THE OFFICE OF THE
**FAMILY AND CONSUMER LAW CENTER**

WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

November 16, 2004

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

New Century Mortgage Corporation
200 Unicorn Park, 3rd Floor
Woburn, MA 01801

Countrywide Home Loans
Customer Service
SVB-314
P.O. Box 5170
Simi Valley, CA 93062-5170

Re:  **Notice of Rescission by Michael D. Dekoschak, 2071 Hawley Rd., Ashfield, MA 01330, Loan Number: 0001282190, Closing Date 12/23/2003.**

To Whom It May Concern:

I represent Michael Dekoschak concerning the loan transaction he entered into with New Century Mortgage Corporation on December 23, 2003. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23 and the Massachusetts counterparts.

The primary basis for the rescission is that Mr. Dekoschak, as the joint owner of the property at the time of refinance, was not provided with the proper notice of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23 and the Massachusetts counterparts. Additionally my client did not receive his own separate TILA disclosure.

The security interest held by New Century Mortgage Corporation and/or Countrywide Home Loans on Mr. Dekoschak's property located at 2071 Hawley Rd., Ashfield, MA is void as of this rescission. Pursuant to Regulation Z and the Massachusetts counterparts, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Michael Dekoschak

By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc:   Charles E. Houston, Jr.
cc:   Mr. Michael Dekoschak

TWO DEXTER STREET, P.O. BOX 479   PAWTUCKET, RI 02862   PHONE: (401) 728-6060   FAX: (401) 728-6534